UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONICA PLUMMER, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 1:21-cv-03183 (UNA) |
| LOUIS DEJOY, | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the court on consideration of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. The court will grant the IFP application and dismiss the case without prejudice for the reasons explained below.

Plaintiff, a former employee of the United States Postal Service, alleges that she faced unspecified adverse employment actions as a result of her status as a whistleblower. *See* Compl. at 1. *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not sufficient to state a claim. *Iqbal,* 556 U.S. at 678. Although a *pro*

*se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,' " *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678-79).

While it is clear that plaintiff intends to bring some sort of whistleblower discrimination action, plaintiff only vaguely references the alleged discrimination, failing to articulate the specific nature of the alleged wrongdoing or any context for the discrimination she allegedly endured. She does not state what happened, or where and by whom, and since she also omits when, there is no way to assess whether any of the claims are timely. The relief sought is also unspecified. The complaint includes an EEO grievance, dated September 15, 2021, *see* Compl. Ex. 1, ECF No. 1-1, at 1, and the resulting agency final notice letter, *see id.* at 2–3, but does not include the EEO decision itself. Nonetheless, it appears that the claims raised administratively vary entirely from the nature of the claims attempted this matter, as there is no mention of whatsoever whistleblower discrimination in the administrative grievance, *compare id.* at 1–3, *with* Compl. at 1.

Additionally, while plaintiff received a final notice letter as to these other claims, said letter advised plaintiff of her right to file a civil action, *see* Compl. Ex. 1 at 3, or alternatively, of her right to file an appeal with the Equal Employment Opportunity Commission ("EEOC"), *see id*. at 2. Plaintiff seemingly attempts to do the latter. Neither the complaint nor the IFP application are captioned for this court, in contravention of Fed. R. Civ. P. 10(a), and the complaint is explicitly directed to the Director of the Office of Federal Operations of the EEOC, *see* Compl. at 1.

Moreover, the instant complaint references only the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302, and the Civil Service Reform Act ("CSRA"), *id.* § 7515. However,

there is no indication that plaintiff proceeded with the proper administrative process for a WPA claim. An employee who believes she is the victim of an unlawful retaliation under the WPA must first bring her claim to the Office of Special Counsel ("OSC"). *See Weber v. United States*, 209 F.3d 756, 758 (D.C. Cir. 2000) (citing 5 U.S.C. § 1214). "Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistleblower cause of action brought directly before it in the first instance." *Stella v. Mineta*, 284 F.3d 135, 142 (D.C. Cir. 2002). Similarly, an employee against whom such an adverse personnel action has been taken in violation of the CSRA is generally required to appeal that adverse action to the United States Merit Systems Protection Board ("MSPB"), and thereafter, they may seek review of the MSPB's decision in the Federal Circuit. *See* 5 U.S.C. §§ 7513(d), 7703(b)(1)(a); *see also United States v. Fausto*, 484 U.S. 439, 447 (1988). The CSRA does anticipate that employees may challenge such actions under various other federal antidiscrimination statutes over which the Federal Circuit lacks jurisdiction, *see id.* §§ 7502, 7702(a)(1); 5 C.F.R. § 1614.302, but plaintiff does not specify any such federal authority, by either direct citation or inference.

    For all of these reasons, this case is dismissed without prejudice to refiling a complaint correcting all the noted deficiencies above, should she, in fact, intend to file suit in this court. A separate order accompanies this memorandum opinion.

Date: January 5, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge